IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREL L HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-01679-E |
| | § | |
| HIRERIGHT LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant HireRight, LLC's Motion to Dismiss, which seeks to dismiss all of Plaintiff Harris's claims due to lack of subject matter jurisdiction. (ECF No. 11). After considering HireRight's Motion, the response, the reply, and the corresponding arguments, the Court GRANTS HireRight's Motion. The Court enumerates its reasoning below.

### I. BACKGROUND

On July 27, 2023, Harris initiated this litigation concerning alleged violations of the Fair Credit Reporting Act (FCRA). (ECF No. 1). *Inter alia*, Harris's Complaint states:

> [] On or about August 4, 2021, Defendant furnished an employment background check report to Plaintiff's prospective employer. The background check report was a consumer report under the Fair Credit Reporting Act (the "FCRA").
> [] The report stated that Plaintiff had felony convictions for "Having Weapon While Under Disability and Possession of Heroin".
> [] A cursory search with the Montgomery County of Ohio shows that the record belongs to "DARREN LAMOND HARRIS". The names DARREN LAMOND is markedly different from *DARREL LAMONT*.
> [] As a result of the inaccurate information reported by Defendant, Plaintiff was denied employment by TruGreen.
> . . . .
> [] Under the Fair Credit Reporting Act ("FCRA" 15 U.S.C. §1681 et seq.) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the

> maximum possible accuracy of the information reported. Failing to ensure an exact name match is a clear violation of this statute.
> [] Defendant did not have defined processes to verify the accuracy of the public records information provided to TruGreen, because information related to Plaintiff's criminal records is a matter of public information and is easily verifiable through the judicial system in the State of Ohio.
> [] Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure in place to ensure that the criminal history information it furnishes are accurate.
> [] As a direct result of Defendant's failure to verify public records, Plaintiff was denied employment with TruGreen.

(ECF No. 1 at 1-3). Harris asserted claims against HireRight and "DOES 1-10 inclusive."[1] Harris pleads two counts against Defendants HireRight and the Does 1-10: (i) violation of the FCRA, 15 U.S.C. §1681e(b)—which discusses accuracy of reports—and (ii) 15 U.S.C. §1681k(a)(2)—which requires consumer reporting agencies to maintain strict procedures designed to insure that whenever public record information (which is likely to have an adverse effect on a consumer's ability to obtain employment) is reported it is complete and up to date. *See* 15 U.S.C. §1681e(b); 15 U.S.C. §1681k(a)(2); (ECF No. 1 at 4-5).

On April 30, 2024, Harris obtained a Summons in a Civil Action on "HireRight LLC, a Foreign Corporation registered to do business in the State of Texas; and DOES 1-10 inclusive." (ECF No. 8). On May 1, 2024, Harris served HireRight LLC. (ECF No. 9). On May 22, 2024, HireRight filed its Motion to Dismiss—based on Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (ECF No. 11); *see* Fed. R. Civ. P. 12(b)(5). On June 12, 2024, Harris filed his response, which attached a declaration discussing service on HireRight. (ECF Nos.

---

[1] Regarding the Doe defendants, Harris explains:

> Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

(ECF No. 1 at 3).

14; 14-1). On June 25, 2024, HireRight filed its reply. (ECF No. 16). Having been fully briefed, the Motion to Dismiss is ripe for adjudication.

## II. LEGAL STANDARD

A party may seek dismissal of an action based on insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Fed. R. Civ. P. 12(b)(5); *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). If a Rule 12(b)(5) motion is filed, the party serving process has the burden of establishing its validity. *Quinn*, 470 F. App'x 323 (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). "In the absence of service of process (or waiver of service by the defendant)," courts ordinarily may not exercise personal jurisdiction over defendants. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). The plaintiff has the burden to ensure that the defendants are properly served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1); *Carimi*, 959 F.2d at 1346. If the serving party fails to meet its burden, the district court can exercise its discretion and quash the service and dismiss without prejudice all claims against improperly-served defendants. *See Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691–92 (5th Cir. 2008) (not designated for publication).

For service to be effective, a plaintiff must comply with the requirements of Rule 4. Fed. R. Civ. P. 4; *Bowling v. Childress-Herres*, No. 4:18-CV-610-ALM-CAN, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019), *adopted by* 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019). This includes the requirement in Rule 4(m) for service within 90 days of the filing of the lawsuit, although the time for service may be extended upon a showing of good cause. Fed. R. Civ. P. 4(m); *Bowling*, 2019 WL 4463450, at *6. District courts have "broad discretion in deciding whether to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp,*

*S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citing *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

In considering a motion to dismiss for lack of service of process, a court may properly look beyond the pleadings to determine whether service was sufficient. *See, e.g.*, *Williams v. Kroger Texas, L.P.*, No. 3:16-CV-1631-L, 2016 WL 5870976, at *1 (N.D. Tex. Oct. 6, 2016) (dismissing a case under Rule 12(b)(5) "[a]fter considering the Motion, pleadings, record in this case, and applicable law").[2]

### III.  ANALYSIS

It is undisputed that the FCRA has a two-year statute of limitations. 15 U.S.C. §1681p(1). It is further undisputed that the statute of limitations in this proceeding—two years from the complained-of August 4, 2021 report—expired on August 4, 2023. As the record shows, Harris did not serve HireRight until May 1, 2024—279 days after the Complaint was filed. (ECF No. 1). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . *must* dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). "[W]hen the time to effect service has expired," however, "the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman*, 22 F.3d at 645 (citation omitted); *Craddock v. Halverson*, No. 7:04-CV-020-R, 2004 WL 2381715, at *1 (N.D. Tex. Oct. 22, 2004); *see also* Fed. R. Civ. P. 4(m).

Here, the 90-day deadline for serving process expired long before Harris sought a summons or effectuated service on HireRight. Consequently, Harris must demonstrate "good cause" for his

---

[2] *See also Trombetta v. Novocin*, No. 18-CV-993 (RA), 2020 WL 7053301, at *2 (S.D.N.Y. Nov. 24, 2020) (holding a court may look at "affidavits and supporting materials" in considering a motion to dismiss under Rule 12(b)(5)) (citation omitted); *Cutler Assocs., Inc. v. Palace Constr., LLC*, 132 F. Supp.3d 191, 194 (D. Mass. 2015) ("[T]he Court is permitted to look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served.") (citation omitted).

failure to properly serve process on HireRight. *See Kreimerman*, 22 F.3d at 645. In his affidavit, Harris's counsel avers to the following as his "reasonable and diligent" efforts to serve HireRight:

> On July 27, 2023 I caused to be filed the complaint in this matter. [] ***My paralegal was responsible for serving Defendant with the summons and complaint. This did not timely occur because there was a change in personnel at my office in August 2023.*** [] As a result, my office failed to notice that a summons was not issued until April 2024. This was an inadvertent oversight in my office operations and in no way intentional. [] Immediately upon becoming aware that a summons was not issued my office contacted the Court.

(ECF No. 14-1 at 2). In effect, Harris's counsel, Devin Fok, blames his paralegal and a personnel change for failing to properly serve HireRight. Harris provides no further factual allegations to substantiate this failure in service nor other factual allegations that demonstrate "reasonable and diligent" attempts at serving HireRight within the 90 days permitted by Rule 4(m) or thereafter. (*See* ECF No. 14-1). Harris has not shown good cause for his failure to properly serve HireRight. Dismissal without prejudice under Fed. R. Civ. P. 12(b)(5) is therefore proper. *See Pena v. Dallas Police Ass'n*, No. 3:22-CV-0987-N-BH, 2023 WL 2144296, at *4 (N.D. Tex. Jan. 17, 2023), *report and recommendation adopted*, No. 3:22-CV-0987-N-BH, 2023 WL 2142973 (N.D. Tex. Feb. 21, 2023); *Craddock*, 2004 WL 2381715, at *4; *see also Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 4874115, at *3 (N.D. Tex. June 28, 2013) (dismissing suit under Rule 12(b)(5) for insufficient service because plaintiffs "have not attempted to demonstrate good cause for their failure to effect proper service on [d]efendant"); *Gilliam v. Kiere*, No. 3:96-CV-0813-G, 1997 WL 279768, at *4 (N.D. Tex. May 16, 1997) (dismissing suit without prejudice under Rule 12(b)(5) because plaintiff "has not shown such good cause, or even attempted to do so").

Nevertheless, Harris argues a heightened standard of review is applicable because a dismissal without prejudice would also serve as a dismissal with prejudice because Harris has

exceeded the applicable two-year statute of limitations for his claim(s). (ECF No. 14 at 3-5) (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)). In *Millan*, the Fifth Circuit explained:

> We have recognized that dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir.1980). Consequently, this Court has limited district courts' discretion to dismiss claims with prejudice. *See Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986). ***A district court's "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'"*** *Gray v. Fid. Acceptance Corp.,* 634 F.2d 226, 227 (5th Cir.1981) (quoting *Durham v. Fla. East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir.1967), and *Brown v. Thompson,* 430 F.2d 1214, 1216 (5th Cir.1970)). Additionally***, where this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors***: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) ***actual prejudice to the defendant***; or (3) delay caused by intentional conduct." *McGlathery,* 792 F.2d at 474.

546 F.3d at 326 (emphasis added in bold italics). In *Thrasher v. City of Amarillo*, the Fifth Circuit further explained that "[t]o warrant dismissal [under Rule 4(m)], we must find a delay longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." 709 F.3d 509, 513 (5th Cir. 2013) (internal quotation and citation omitted).

Here, Harris filed his Complaint eight days before the applicable two-year statute of limitations expired. *See* 15 U.S.C. §1681p; (ECF No. 1). Thereafter, Harris took no action whatsoever to prosecute this case for 278 days. (*See* ECF No. 8) (issuing summons). Such inactivity for over nine months shows a clear record of delay. *Thrasher*, 709 F.3d at 513 ("[T]he record indicates clear delay. Thrasher did not perfect service on Defendants for almost ten months after filing his complaint."); *see also Gartin*, 289 Fed. Appx. at 694 (determining a seven-month period of inactivity showed a "clear record of delay").

Furthermore, the record shows actual prejudice to HireRight. In *Veazey v. Young's Yacht Sale and Service, Incorporated*, the Fifth Circuit discussed delays in service of a complaint in the context of an expired statute of limitations:

> Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.
> . . . .
> ***Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim.*** If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims.

644 F.2d 475, 478 (5th Cir. 1981) (block quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (1976)) (emphasis added in bold italics). The Fifth Circuit explained:

> ***we emphasize our concern that undue delay is to be avoided, particularly delay in those instances in which the defendant does not have knowledge of an outstanding claim.*** We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available.

*Veazey*, 644 F.2d at 478 (affirming dismissal with prejudice). The circumstances of the instant case are the same as in *Veazey*, and the Court reaches the same result of dismissal. Additionally, a lesser sanction would not better serve the interests of justice as permitting Harris to proceed on his claims under these circumstances would (i) impermissibly extend the statute of limitations under the FCRA to well over two-years and (ii) reward Harris for his complete inaction and failure to prosecute this proceeding for about nine months after filing the Complaint and after the statute of limitations expired.

For the reasons discussed hereabove, the Court GRANTS HireRight's Motion to Dismiss as to all of Harris's claims against HireRight. The final judgment shall dismiss these claims without prejudice. *See e.g.*, *Pena*, 2023 WL 2144296, at *4.

## IV. REMAINING DOE DEFENDANTS

Federal courts are vested with subject-matter jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," or where the case in controversy exceeds $75,000 and is between citizens of different states, or between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. §§ 1331, 1332(a)(1)–(2) (2012). A federal court has no power to adjudicate claims where subject-matter jurisdiction does not exist and, consequently, must dismiss the action. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *see* Fed. R. Civ. P. 12(h)(3). The Court has an obligation to examine its subject-matter jurisdiction *sua sponte* at any time. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). Subject-matter jurisdiction may not be waived. *See Ruhrgas AG*, 526 U.S. at 583.

The Court is concerned with its jurisdiction as to the remaining Doe Defendants. As briefed, it is unclear whether HireRight intended to move for dismissal on behalf of the "inclusive" Doe Defendants. Harris has no pleadings that specifically identify the Doe defendants as taking any complained-of action. (*See* ECF No. 1).[3] Harris has further not served any particular Doe Defendant—only HireRight. (ECF No. 9).

As with HireRight, the applicable statute of limitations under the FCRA against the Doe Defendants is two years. *See* 15 U.S.C. §1681p(1). A statute of limitations may support dismissal under Federal Rule of Civil Procedure 12(b)(6)[4] where it is evident from the plaintiff's pleadings

---

[3] Harris refers to HireRight and the Doe Defendants collectively as ("Defendants"). (ECF No. 1 at 1). However, Harris's counts refer to actions that "Defendant" (singular) committed—without explanation as to whether this refers to HireRight or a particular Doe Defendant. (ECF No. 1 at 4-5).

[4] Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530

that the action is barred. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). At this point—without any apparent service on or further factual allegations regarding the Doe Defendants—it appears as though Harris's claims against the Doe Defendants are time-barred. Nevertheless, the Court orders both Parties to show cause as to whether Harris's claims against the Doe Defendants should be dismissed. The Court enters its corresponding show cause orders, hereunder.

## V. CONCLUSION

For the reasons enumerated hereabove, the Court GRANTS HireRight's Motion to dismiss, (ECF No. 14), and dismisses all of Harris's claims against HireRight without prejudice. Further—as the Court is unsure of what claims remain against the Doe Defendants—the Court enters the following orders:

1. Harris is ORDERED to show cause why his claims against the remaining Doe Defendants should not be dismissed, and such filing shall be made on or before November 27, 2024. Failure to show cause by November 27, 2024, shall result in dismissal of all claims against the Doe Defendants without prejudice. Final judgment shall then enter. *See* Fed. R. Civ. P. 54; Fed R. Civ. P. 58.

2. HireRight is ORDERED to respond to Harris's show cause filing on or before December 4, 2024.

3. Harris shall not file any reply.

4. Any request for extensions of these deadlines shall be viewed with extreme disfavor.

(*Signature page follows*).

---

U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**SO ORDERED.**

15th day of November, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE